IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DAVID BLACK,
DANIEL MITCHELL,

    Plaintiffs,

vs.                                            Case No. 4:14cv88-MW/CAS

CHRISTOPHER BRUNSON,
GARY ANTHONY FORTNER,
BRYAN CLARK, and
MICHAEL WIMBERLEY,

    Defendants.

                                           /

## REPORT AND RECOMMENDATION

Defendants Fortner, Clark, and Wimberly filed a motion to dismiss the amended complaint. Doc. 17. Defendants assert three reasons for dismissal: Plaintiffs, as prisoners, may not jointly bring this case, Plaintiff Mitchell may not bring claims for actual or punitive damages, and Plaintiffs failed to exhaust administrative remedies. *Id.* at 4. Plaintiffs have filed a response, doc. 22, opposing each of the arguments raised.

This case asserts that when Plaintiffs were recaptured following an escape attempt from Taylor Correctional Institution, Defendants used unnecessary and excessive physical force and failed to provide Plaintiffs with "appropriate and timely medical care after they sustained serious injury." Doc. 5 at 8-10. Plaintiff Black spent 6

days in the intensive care unit at a hospital in Jacksonville, Florida, recovering from his injuries. *Id.* at 6-7. Both Plaintiffs have since been transferred from state custody and are now held in federal custody. *Id.* at 2-3.

**Jointly Filed Complaint**

Defendants contend that because both Plaintiffs are prisoners, they are subject to the Prison Litigation Reform Act (PLRA) which precludes multiple prisoner plaintiffs from joining their claims. Doc. 17 at 5. Defendants contend each Plaintiff must separately file his own lawsuit and pay the full amount of the filing fee, if not granted in forma pauperis status. *Id.* Plaintiffs point out that they are not "joining hands with another inmate proceeding in forma pauperis, who is attempting to avoid either the necessity of paying an additional filing fee, or piggybacking an unrelated claim into an existing lawsuit . . . ." Doc. 22 at 2. Rather, Plaintiffs are represented by counsel and the filing fee was paid at the time of case initiation. *Id.* Plaintiffs also contend that the PLRA does not apply in this case because Plaintiffs are "no longer in state custody." *Id.*

Considering the last argument first, the PLRA is applicable whether a prisoner is in state or federal custody. Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (holding that the exhaustion requirement of § 1997e(a) of the PLRA now applies to both federal and state prisoners.). Even accepting Plaintiff's argument that the Plaintiff's are no longer in state custody, they remain in federal custody. *See* docs. 17-1, 17-2. The PLRA is applicable to this case. *See also* Napier v. Preslicka, 314 F.3d 528, 533 (11th Cir. 2002) (holding that the PLRA applies "to prisoner lawsuits that claim injuries

suffered during custodial episodes, even if such custody occurred outside prison walls.").

Defendants base their argument for dismissal on the holding of Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001). In Hubbard, the issue was "whether multiple prisoners, proceeding IFP, are entitled to join their claims and thus pro-rate the mandatory filing fees among the group instead of individually paying the full fee." Hubbard, 262 F.3d at 1195. The Eleventh Circuit Court of Appeals held that "the intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." Id. A crucial fact of that case, which distinguishes it from this case, is that a "majority of the 18 plaintiffs had already filed separate petitions to proceed IFP." Id. This case was initiated with full payment of the filing fee. Plaintiffs did not seek to proceed IFP. Hubbard does not stand for the proposition that one civil rights case could never be brought by two prisoners who pay the filing fee; it only precludes doing so by making subsequent partial payments under the provisions of § 1915(b). Because Plaintiffs did not proceed under § 1915, this argument should be rejected.

**Physical Injury**

Defendants seek to dismiss only Plaintiff Mitchell's claim for actual and punitive damages on the basis that "nowhere in the complaint does plaintiff allege that he suffered physical injury." Doc. 17 at 5-6. Defendants point out that under Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000), that a prisoner's "physical injury must be more than *de minimis,* but need not be significant." Doc. 17 at 6-7.

Case No. 4:14cv88-MW/CAS

Plaintiffs point out several relevant allegations from the amended complaint. Doc. 22 at 3-4.  Paragraph 20 alleges that while Plaintiff Mitchell was lying on the ground, using his arms to fend off the attack, he was "repeatedly punched" by Defendant Fortner.  Defendant Fortner then put his boot on Plaintiff Mitchell's head to prevent him from turning his head to see what Defendant Brunson[1] was doing to inmate Black.  *Id.*  Defendants Brunson and Fortner took both Plaintiffs and "threw them in the mud." *Id.* at ¶25.  Defendant Fortner again put his boot on the pack of Plaintiff Mitchell's head and pushed it into the mud telling him to "eat mud."  *Id.*  Defendant Fortner then led Plaintiff Mitchell to a pond and held Mitchell's head underwater.  *Id.* at ¶26. Defendant Fortner then threw Plaintiff Mitchell to the ground next to Plaintiff Black.  *Id.* at ¶27.  Plaintiff Mitchell seeks damages not just for emotional trauma and suffering, but also because he suffered "[e]xtreme physical pain."  *Id.* at ¶41.

Plaintiffs argue that "[b]eing physically assaulted by a corrections officer while you are laying helplessly on the ground is an allegation of more than *de minimus* [sic] physical injury."  Doc. 22 at 3.  Plaintiffs content that such abusive force "is of the sort 'repugnant to the conscience of mankind.'"  *Id.*, *citing* Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (holding that use of excessive physical force against prisoner may constitute cruel and unusual punishment even though the prisoner did not suffer serious injury).

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

---

[1] Judicial notice is taken that the Government's motion to dismiss the Indictment against Christopher Brunson, doc. 60, was granted on September 26, 2014.  Doc. 61. Case number 4:14cr17-MW.

suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ."  42 U.S.C. § 1997e(e).  A "prisoner," even though he has alleged a viable constitutional claim, is prevented from seeking punitive or compensatory damages in the absence of physical injury pursuant to § 1997e(e) while in "custody."  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 131 S.Ct. 1651 (2011).  "[T]o avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis.*"  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002).

    In the leading case on this issue from the Eleventh Circuit, the court held that § 1997e(e) precludes compensatory and punitive damages for prisoner complaints that do not allege the requisite physical injury which "must be more than *de minimis*, but need not be significant."  Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), vacated in part and reinstated in part, Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc).  Nominal damages are still recoverable.  Smith, 502 F.3d at 1271.  The court rejected the idea that "any allegation of physical injury" was sufficient, finding that such an interpretation "would almost render the congressional exclusion an empty set."  Harris, 190 F.3d at 1286.

    "Harris v. Garner left open the question of 'whether *de minimis* uses of physical force might satisfy section 1997e(e) if they [were] of the sort 'repugnant to the conscience of mankind' ' because the issue was not presented in that case."  190 F.3d

at 1287, n.7,[2] *quoted in* Kemner v. Hemphill, 199 F.Supp.2d 1264, 1269 (N.D. Fla. 2002) (holding that sexual battery of prisoner by another prisoner was physical force and, "even if considered to be de minimis from a purely physical perspective, [it] is plainly 'repugnant to the conscience of mankind.' "); *see also* Gomez v. Chandler, 163 F.3d 921, 924, n.4 (5th Cir. 1999) (noting it was arguable that Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), left "open the possibility that a physical injury which is only de minimis may nevertheless suffice for purposes of the Eighth Amendment and section 1997e(e) if the force used is of the kind 'repugnant to the conscience of mankind.' ").

Although prior to passage of the PLRA, Justice O'Connor explained the contours of an excessive force claim in Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000 (1992):

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See* [Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986)]. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today. *See* Estelle, *supra*, 429 U.S. at 102, 97 S.Ct. at 290 (proscribing torture and barbarous punishment was 'the primary concern of the drafters' of the Eighth Amendment); Wilkerson v. Utah, 99 U.S. 130, 136, 25 L.Ed. 345 (1879) ("[I]t is safe to affirm that punishments of torture ... and all others in the same line of unnecessary cruelty, are forbidden by [the Eighth Amendment]").
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See* Johnson v. Glick, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

---

[2] The court stated: "We do not resolve the question whether de minimis uses of physical force might satisfy section 1997e(e) if they are of the sort 'repugnant to the conscience of mankind,' Hudson, 503 U.S. at 10, 112 S.Ct. at 1000, (citation and internal quotation marks omitted), because we find that on this record the question is not presented." 190 F.3d at 1287, n.7.

chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " Whitley, 475 U.S., at 327, 106 S.Ct., at 1088 (*quoting* Estelle, *supra*, 429 U.S. at 106, 97 S.Ct. at 292) (internal quotation marks omitted).

Hudson, 503 U.S. at 9-10, 112 S.Ct. at 1000.

The Court more recently reiterated the core inquiry of Hudson, rejecting once again "the notion that 'significant injury' is a threshold requirement for stating an excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (explaining that the "core judicial inquiry" is "that nature of the force" used by prison officers as opposed to the extent of the injury inflicted). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Hudson, 503 U.S. at 9, 112 S.Ct. 995; *see also id.*, at 13–14, 112 S.Ct. 995 (Blackmun, J., concurring in judgment), *quoted in* Wilkins, 559 U.S. at 37, 130 S.Ct. at 1178. The Court noted that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." 559 U.S. at 38, 130 S.Ct. at 1178-79. Notwithstanding, a prisoner's "relatively modest . . . alleged injuries will no doubt limit the damages he may recover." *Id.* at 40, 130 S.Ct. at 1180.

There have been recent cases which permitted claims for mental and emotional harm to proceed even with *de minimis* physical injury because the conduct alleged was "repugnant to the conscience of mankind." Kornagay v. Given, No. 3:11cv428-LAC/EMT, 2014 WL 1202988, at *19 (N.D. Fla. Mar. 24, 2014) (finding a dispute of

material fact existed in case where inmate alleged guards were aware of the risk that one inmate would rape Plaintiff but intentionally refused to protect him from the sexual assault); D'Attore v. New York City Dep't of Corr., No. 10-civ-815, 2012 WL 4493977, at * 15 (S.D.N.Y. Sept. 27, 2012) (denying summary judgment motion and rejecting § 1997e(e) argument, holding that plaintiff's testimony of excruciating pain when punched for no apparent reason, "irrespective of later medical assessments of his condition," could support conclusion of ultimate trier of fact that force used was not *de minimis* and that the defendant acted "maliciously and sadistically . . . to cause harm."); Goodwin v. Hatten, No. 1:07cv123-MP-AK, 2010 WL 750290, at *4-5 (N.D. Fla. Mar. 1, 2010) (denying summary judgment motion and finding plaintiff presented sufficient evidence to demonstrate the existence of genuine issues of material fact as to "whether his injuries were more than de minimis such that he may pursue a claim for mental or emotional injury in addition to his physical injuries" in case alleging defendant used the "type of force that might be considered by a reasonable jury to be 'repugnant to the conscience of mankind,' regardless whether the resulting injury was not serious."); Solliday v. Spence, Bi, 4:07cv363-RH/WCS, 2009 WL 559526, at *11 (N.D. Fla. Mar. 2, 2009) ("concluding that a sexual assault upon a prisoner by a correctional officer who has authority over the prisoner, and the responsibility to protect and care for the prisoner, is repugnant to the conscience of mankind."); *see also* Barley v. Jamison, No. 2:10cv1036, 2014 WL 186107, at *12 (M.D. Ala. Jan. 16, 2014) (citing Harris v. Garner and Hudson and noting the question was left open as to whether § 1997e(e) might not bar a claim for monetary damages if the force used was "repugnant to the conscience of mankind.").

Case No. 4:14cv88-MW/CAS

There are occasions when § 1997e(e) should not be used to dismiss a claim for damages where the jury should be permitted to consider the use of force and extent of a prisoner's injuries.  See Harrell v. Cnty. of Nassau, No. 10-CV-5894, 2013 WL 5439137, at *10 (E.D.N.Y. Sept. 27, 2013) (denying summary judgment due to disputed facts, and drawing inferences in favor of Plaintiff who was punched in the face while restrained on a stretcher with a gunshot wound to his back, that if jury believed Plaintiff's evidence, they could reasonably find the force used "shocks the conscience."); Hart v. Bell, No. 3:10-0520, 2011 WL 1584601, at *5-6  (M.D. Tenn. Apr. 27, 2011) (denying summary judgment, including § 1997e(e) argument, and finding that, under plaintiff's version of the events, "there was no need for the application of any force by the defendants and the force that was used against him—choking him, twisting his wrists, placing handcuffs on him in an excessively tight manner, causing him to fall head first to the floor, and striking him in the face—was excessive, gratuitous, and malicious on the part of the defendants.").  This is such a case.  Plaintiff Mitchell alleged suffering "extreme physical pain."  Pames v. Pierce, No. C-1-12-285, 2014 WL 4773999, at *4 (S.D. Ohio, Sept. 24, 2014) (holding that dismissal pursuant to § 1997e(e) was not warranted because plaintiff sought damages for pain and suffering in addition to emotional distress).  If Plaintiff Mitchell's factual allegations are believed and supported by competent evidence, a jury could reasonably conclude that there was no need for any use of force because Plaintiff was lying on the ground and had surrendered, and that repeatedly punching Plaintiff Mitchell, forcing his head into the mud, and forcefully holding his head under the water was excessive, unnecessary, malicious, and "repugnant to the conscience of mankind."   Plaintiff has alleged sufficient facts showing an Eighth

Amendment claim under Hudson and Wilkins and Plaintiff has alleged extreme pain under the circumstances to avoid the § 1997e(e) at this stage of litigation.  The motion to dismiss should be denied on this basis.

**Exhaustion**

Defendants also argue this case should also be dismissed pursuant to 42 U.S.C. § 1997e(a) because "neither plaintiff Black nor plaintiff Mitchell made any effort to exhaust their administrative remedies in spite of the fact that there was sufficient time to do so before their transfer to federal custody on March 13, 2013."  Doc. 17 at 9. Plaintiffs assert that they were "prevented form filing a grievance by prison officials." Doc. 22 at 4.  They contend that the grievance procedures were unavailable to them and dismissal is not warranted.  *Id.* at 5.  On that point, Defendants request an evidentiary hearing on this matter.  Doc. 17 at 10.

Pursuant to the Prison Litigation Reform Act, a civil rights action concerning prison conditions may not be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).  When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion

requirement of § 1997e(a) is mandatory.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).

However, an inmate is not required to grieve a "breakdown in the grievance process" because the PLRA only requires that a prisoner exhaust his "available administrative remedies."  Turner, 541 F.3d at 1083.  "[I]t is possible for retaliation or the threat of retaliation to make administrative remedies unavailable to an inmate."  *Id.* at 1084 (citations omitted).

> A remedy has to be available before it must be exhausted, and to be "available" a remedy must be capable of use for the accomplishment of [its] purpose."  Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available.

*Id.* (citation omitted).

Because there is a factual dispute as to whether administrative remedies were available to Plaintiffs, the parties should be provided "sufficient opportunity to develop a record."  Bryant v. Rich, 530 F.3d 1368, 1373-74, 1376 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008).  It is appropriate in this case to hold an evidentiary hearing on the issue of exhaustion as requested by Defendants.  Accordingly, ruling on this issue should be deferred.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 17, be **DENIED in part.**  Plaintiff Black's claims should not be dismissed pursuant to 42 U.S.C. § 1997e(e), nor should the complaint be dismissed because it was jointly filed.  It is further **RECOMMENDED** that this case be **REMANDED** for an evidentiary hearing on the issue of exhaustion of administrative

remedies, to be held within 30 days of the date this Report and Recommendation is ruled upon by the assigned District Judge.

**IN CHAMBERS** at Tallahassee, Florida, on October 1, 2014.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**